IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THURMON CROSSWHITE, <br><br> Defendants. | CR 08-23-BLG-SPW <br><br> ORDER |

This matter comes before the Court on Defendant Thurmon Crosswhite's Motion for Discovery (Doc. 56). Crosswhite faces a revocation hearing on December 8, 2017. (Doc. 59). In his motion, Crosswhite requests all documentation "bearing on [his] sex offender therapy," including but not limited to the contract he entered into with his sex offender therapist, all notes, tests and test results, and any and all materials contained in the United States Probation Office's file "concerning" Crosswhite and his alleged violations. (*Id.* at 1).

I. **Background**

In 2009, Crosswhite was sentenced to a term of 97 months imprisonment and 10 years of supervised release after he pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. 2252A(a)(2). (Doc. 32).

1

Crosswhite's term of supervised release commenced on January 20, 2016. On June 1, 2016, the Probation Office filed a petition alleging that Crosswhite had violated his terms of release, including being terminated from sex offender treatment, and asked the Court to consider revocation. (Doc. 38). Crosswhite was sentenced to 6 months imprisonment and a 114 months supervised release. (Doc. 47).

Crosswhite began his current term of supervised release on December 1, 2016. (Doc. 49). On October 11, 2017, the Probation Office filed another petition alleging that Crosswhite had violated his terms of release, including again being terminated from sex offender treatment, and asked the Court to consider revocation. (*Id.*). On November 3, 2017, Crosswhite's counsel filed this motion, seeking to compel the Probation Office to provide Crosswhite's entire probation file and his sex offender therapy materials. (Doc. 56 at 1). Crosswhite does not state whether he has submitted any formal request to his sex offender treatment provider for his sex offender file.

**II.    Discussion**

    **A.    United States Probation Officer's File**

No legal authority supports Crosswhite's request for the United States Probation Office's file. The legal authority upon which Crosswhite relies applies to prosecutors, not probation officers. The distinction is important. Because the

2

United States Probation Office "serves as an investigative and supervisory arm of the court," *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998), disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) "is not compelled . . . if the [evidence] is in the hands of . . . the probation office." *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir. 1988).

Moreover, *Brady* principles are not applicable to revocation proceedings because a revocation proceeding "is not part of a criminal prosecution." *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (holding as to parole revocation); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (applying *Morrissey* as to probation revocation). As a result, a defendant is only entitled to disclosure of the evidence the Government intends to use against him at the revocation hearing. Fed. R. Crim. P. 32.1(b)(2)(B). Accordingly, the Ninth Circuit has held that there is no due process violation where a probation file is not disclosed, so long as the documents in the file are not used as evidence at the hearing. *See, e.g., United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989); *United States v. Donaghe*, 924 F.2d 940, 944 (9th Cir. 1991).

Under Fed. R. Crim. Pro. 32.1, it is the Government's duty to disclose any documents it intends to offer or introduce into evidence in a revocation proceeding. If the Government fails to disclose certain material, it may not be used as evidence against Crosswhite. Having no knowledge of what evidence the Government

3

intends to use at the revocation hearing, the Court will not order a broad disclosure of documents in Crosswhite's probation file.

**B.     Sexual Offender Treatment Materials**

Crosswhite has directed his request for his sex offender treatment materials to the wrong entity.  Under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the United States Department of Health and Human Services (HHS) was required to establish national standards for electronic health care transactions.  Pub. L. No. 104-191 (1996).  HIPPA also required HHS to adopt regulations that would increase the security and privacy of health information. *See* 42 U.S.C. §§1320d-2(d) & 1320d-3 (2000) (authorizing regulations to protect the privacy of medical records).  HHS first published health information privacy regulations in 2000. *See* 45 C.F.R. 160 & 164.  These regulations, collectively referred to as the "Privacy Rule" were implemented in 2003 and apply directly to health treatment vendors, who are obliged to comply with them.

The Privacy Rule establishes individual rights regarding covered health information, defines and limits the circumstances in which vendors may use and disclose "protected health information" (PHI) and requires "covered entities" to implement safeguards to protect the confidentiality of PHI. *See* 45 CF.R. § 160.103.  While the judiciary is not a covered entity under the Privacy Rule, vendors who have contracted with the judiciary to provide mental health care and

4

drug treatment services are covered entities. *Id.* at 164.502. Accordingly, those vendors must comply with the Privacy Rule's parameters regarding handling PHI, which includes giving offenders access to this information upon their request. *Id.* In other words, Crosswhite needs to submit his request to the vendor at issue.

Crosswhite is not entitled to all that he requests, however. His access to his records are a qualified right. In relevant part, unreviewable exceptions to the right of access are psychotherapy notes and litigation work product. *Id.* at 164.501. Sex offender treatment notes most likely meet the definition of "psychotherapy notes" because they are "notes recorded . . . by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or group, joint, or family counseling session." *Id.* at 164.501

Crosswhite therefore needs to submit a valid written authorization, which contains all the requirements set forth in 45 C.F.R § 164.508(c)(1) to his sex offender treatment provider. Notably, defense counsel or others purporting to represent an offender receiving treatment have no right to review and copy an individual's PHI. *Id.* Nothing prohibits an offender from providing a written authorization allowing disclosure to another or from disseminating copies of the PHI he legally receives. *Id.*

## III. Conclusion

As explained above, Crosswhite is entitled to his PHI, including his sex offender treatment file, but only to the extent provided for by law. He may obtain those materials from his treatment provider as provided under the law. His motion (Doc. 56) to obtain the materials from United States Probation or otherwise through this court is DENIED.

DATED this 14th day of November, 2017.

SUSAN P. WATTERS
United States District Judge